## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 22-660 consolidated with 22-661


MATTHEW KYLE BULLER

VERSUS

SALLY D'AVY BULLER

    C/W

SALLY D'AVY BULLER

VERSUS

MATTHEW KYLE BULLER


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20145266 C/W C-20156093
HONORABLE DAVID A. BLANCHET, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

### ELIZABETH A. PICKETT
### CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Van H. Kyzar, and Guy E. Bradberry, Judges.


**AFFIRMED.**


**James D. Bayard**
**Onebane Law Firm**
**P. O. Box 3507**
**Lafayette, LA 70502-3507**
**(337) 237-2660**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Sally D'Avy**

**Bradford H. Felder**
**G. Andrew Veazey**
**Dona K. Renegar**
**Rebecca K. Bayless**
**Veazey, Felder & Renegar, LLC**
**2 Flagg Place**
**Lafayette, LA 70508**
**(337) 234-5350**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Matthew Kyle Buller**

**PICKETT, Chief Judge.**

The appellant, Sally D'Avy (formerly Buller), appeals the judgment of the trial court ordering that she enroll her two children in the Lafayette Parish School System Gifted Program on the motion of her former husband and the children's father, Matthew Buller.

## FACTS

Sally and Matthew married on July 1, 2011. A judgment of divorce terminating the marriage was signed on March 11, 2016. Two children were born of the marriage. At the time of the May 26, 2022 hearing in this matter, the children were ten and eight years old and had just completed the fifth and third grades, respectively.

Following a hearing before a hearing officer on March 25, 2015, the hearing officer recommended that Matthew and Sally be given joint custody of the children. Sally was named the domiciliary parent, and the hearing officer set a visitation schedule. Neither party objected to the recommendation of the hearing officer, and it became an order of the court by judgment dated April 2, 2015. Matthew filed a motion to modify the custodial agreement on October 6, 2017, arguing that both parents had changed residences and jobs. After a hearing before a hearing officer, the parties entered into a consent agreement regarding visitation that became the judgment of the court on August 24, 2018. This judgment maintained joint custody with Sally as the domiciliary parent.

On April 14, 2021, Matthew filed a Rule to Modify Custodial Schedule, to Require Children to Attend Public School, to Prohibit Corporal Punishment, and for Contempt. Relevant to this appeal, his motion stated:

> Additionally, the parties jointly agreed that the children would be home-schooled once the Covid pandemic began for the 2020-2021 school year. The agreement was contingent upon Sally following

appropriate curricula for each of the children, administering testing to ensure the children stayed on track, and providing Matthew with sufficient documentation and information so he could verify the children's progress. Sally has failed to follow appropriate curricula for each of the children, to administer appropriate testing, or provide sufficient information and documentation to Matthew. Further, the children have not been participating in social activities and they need social interaction. For these reasons, Matthew wants the children to return to regular public school in the fall of 2021. Sally has indicated that she will refuse to do so. Matthew requests an order from the Court that the children return to public school as that is clearly in their best interests.

Sally opposed his motion. A hearing on the Matthew's rule was held before the trial court on August 3, 2021. At the hearing, the parties agreed to certain stipulations regarding custody. The parties entered into a Stipulated Joint Custody Implementation Plan and a Stipulated Consent Judgment on Rules dated September 23, 2021, which maintained Sally as the domiciliary parent, dismissed the rule for contempt, and set a custody and visitation schedule. On the issue of homeschooling, the parties agreed to submit to an educational assessment by Dr. Donna Aucoin, to "determine whether the children's educational needs are being sufficiently satisfied by homeschooling." Sally continued homeschooling the children for the 2021-2022 school year. The judgment also required Sally to "enroll the children in a homeschool social program."

On December 7, 2021, Matthew filed a Motion to Reset Hearing on an Expedited Basis Regarding Requirement for Children to Attend Public School. He alleged that the educational assessment agreed to by the parties in September was not necessary. He stated that Dr. Aucoin would only test the children's aptitude, and not review educational curricula, and the children's aptitude was not at issue because they had been tested for and approved to participate in the gifted program in Lafayette Parish public schools. Sally opposed the motion, and the trial court set a hearing.

2

At a May 26, 2022 hearing, Matthew and Sally each presented evidence to support their position. Matthew testified, and he introduced the report and the testimony of Nancy Cadwallader, who the trial court accepted as an educational planner expert. Sally also testified, and she introduced the report and testimony of Amanda Courville, who the trial court qualified as someone with a master's degree in education. The trial court took the matter under advisement.

On July 1, 2022, the trial court issued a judgment ordering that the children be enrolled in the Lafayette Parish School System Gifted Program for the 2022-2023 school year, and in future years, unless agreed to by the parties in writing or by order of the court. The trial court did not provide reasons for its ruling. An amended judgment was signed by the trial court on October 10, 2022, which corrected an error in the docket number but otherwise was identical to the original judgment.

Sally now appeals the judgment of the trial court.

## ASSIGNMENT OF ERROR

Sally asserts one assignment of error:

> The trial court manifestly erred as a matter of law and abused its discretion in abruptly removing the children from their homeschooling environment and ordering them into the public school system, where the record is devoid of sufficient evidence to overcome the heavy governing presumption that the domiciliary parent's decision to continue homeschooling the children was in their best interests.

## DISCUSSION

We first address the standard of review applicable to this appeal. The jurisprudence of this circuit has long held that the standard of review in cases involving child custody is whether the trial court abused its discretion in making its decision. *Thomas v. Duhon*, 19-366 (La.App. 3 Cir. 11/6/19), 283 So.3d 1077. Because the trial court is in a better position to evaluate the credibility of the

3

parties and the witnesses in determining the best interests of the child, its decisions are entitled to great weight. *Hawthorne v. Hawthorne*, 96-89 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, *writ denied*, 96-1650 (La. 10/25/96), 681 So.2d 365. A court of appeal will not disturb the decision of the trial court unless there is a clear abuse of that discretion. *Id.* Reviewing the record in its entirety, we will not reverse a trial court's reasonable factual findings, even if we would have reached a different conclusion if we had been acting as the trier of fact. *Carranza v. Carranza*, 18-971 (La.App. 3 Cir. 6/5/19), 276 So.3d 1028.

In determining that the abuse of discretion standard of review is appropriate, we reject Sally's argument that we review the case *de novo*, citing *Bergeron v. Clark*, 02-493 (La.App. 3 Cir. 10/16/02), 832 So.2d 327, *writ denied*, 03-134 (La. 1/29/03), 836 So.2d 54. In *Bergeron*, this court determined that it could not discern from the record the basis of the trial court's decision. The trial court's oral reasons were brief, and there were no written reasons for its judgment. Further, this court could not determine which home study (of two) that the court referred to in reaching its conclusion. Given this inability to determine the basis of the trial court's judgment, this court reviewed the record *de novo*.

A trial court is not required to issue written reasons for judgment unless a party timely files a request pursuant to La.Code Civ.P. art. 1917. *City of Eunice v. Carrier*, 01-1184 (La.App. 3 Cir. 2/20/02), 821 So.2d 3. We find that the absence of reasons for the judgment of the trial court does not alter the abuse of discretion standard of review in this appeal.

As has been established, Sally and Matthew have had joint custody of their children since their divorce, and Sally has been the domiciliary parent. Louisiana Revised Statutes 9:335(B)(3) states:

4

> The domiciliary parent shall have authority to make all decisions affecting the child unless an implementation order provides otherwise. All major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child.

For Matthew to prevail on his motion to terminate homeschooling and enroll the children in public school, he must overcome the presumption that Sally's decision to continue homeschooling the children is in their best interests.

Matthew introduced the testimony and report of Mrs. Cadwallader, who the court certified as a certified educational planner. Mrs. Cadwallader testified that she runs a company that helps students as a college counselor. She also testified that she works with students as young as fifth grade who are applying to boarding schools. She reviewed the homeschooling curriculum for the children. She noted that the textbooks used were older, copyrighted over twenty-five years ago. She observed that both children were using the same materials for all subjects except math and English language arts, despite the difference in their grade level. She specifically noted that the children were tested on the same spelling words. She also noted that while the curricula chosen by Sally provides tests for users, the tests administered to the children were handwritten and messy, with the exception of one printed test. She could not tell if they were the same tests provided by these services in all cases.

Mrs. Cadwallader found that the lesson plans provided by Sally were not specific, and usually just referred to a range of page numbers in a workbook, rather than specific assignments or objectives. Mrs. Cadwallader reviewed both children's aptitude assessment reports and determined that they should be working above grade level. She stated that the fifth grader was clearly not receiving an education commensurate with her abilities. She noted that while the same

5

materials can be used for different grade levels, there is an expectation that the older child would be going deeper into the material with supplemental materials, but she had no indication that this was occurring. Mrs. Cadwallader also noted a lack of fine arts, physical education, and computer literacy in the curriculum. On cross-examination, when told that the children attended physical education once a week and that the fifth grader went to art classes once a week, she stated that she believed it should be more than that.

Mrs. Cadwallader contacted the Lafayette Parish Schools and discussed the educational opportunities available to children who qualify for the gifted program. She found these to be superior to the curricula used by Sally to homeschool the children. She concluded that "both children would benefit much more from being enrolled in the gifted program with the public school system. Their learning would be enhanced, their social skills would develop, enrichment programs would be readily available and opportunities to excel in their academics are a part of such program."

Matthew testified that he agreed to the children being homeschooled for the 2020-2021 school year. He became concerned when the individualized curricula Sally originally chose for the children switched to different, less comprehensive lesson plans no more than three weeks into the school year. He also learned that Sally was not using all the resources available from these programs, such as test booklets and instructor's guides. Matthew also testified that he and his family were not allowed to participate in some of the activities the children took part in, such as field trips or grandparents' day.

The evidence adduced at trial shows that Sally has a degree from the University of Louisiana-Lafayette in art education and later received a certification in elementary education, though it has since expired. She testified that when

schools shut down at the end of the 2019-2020 school year, she began homeschooling her children, and became aware of shortcomings in the public school curriculum. She decided to homeschool them for the 2020-2021 school year, with the intention of developing them as lifelong learners. She also sought to incorporate religion into their curriculum. When Matthew agreed with this initial decision, she sought out curricula and materials that were rigorous enough for her children, who she described as "so bright and so brilliant."

Sally registered her children in the Home Study program through the Louisiana Department of Education. That process required that she submit standardized test scores and an outline of the work the child completed in the prior year to be approved for the following year. Following the 2020-2021 school year, her fourth grader scored between the 68th and 91st percentile on standardized tests, while the second grader scored between the 84th and 95th percentile on standardized tests. At the end of her fifth-grade year in spring of 2022, the older child took the LEAP test. She scored at the Mastery level on the math assessment, which indicates that she met expectations for her grade level, and at the Advanced level on the English language arts assessment, which indicates that she exceeded expectations for her grade level.

Sally further testified that she enrolled the children in a "homeschool mom's group" that meets periodically for various social activities, like swimming or trips to the park. The children were also enrolled in a homeschool physical education program once a week with thirty other children. The older child takes art class with other homeschool children. She also testified that both of the children play soccer and softball or baseball.

Sally acknowledged that she made some mistakes in choosing curricula, but that the second year was better than the first year. She testified that some of the

lessons, like history and science, are the same for both children, despite the fact that they are in different grades. She explained that the books are the same for both, but the older child has higher expectations, though she acknowledged that the testing is the same for both children.

Sally's expert, Mrs. Courville, provided a report to the court that indicated that the homeschooling provided by Sally exceeded the standards set by the state in many areas. Matthew's counsel questioned her expertise, as she had only ever taught in high school. When questioned by the trial court, she acknowledged that she is a homeschool advocate. The trial court indicated that it would qualify her expertise as someone who has a master's degree in education. The trial court acknowledged that Mrs. Courville is biased toward homeschooling and stated, "[W]e're talking about whether the kids should be homeschooled or go to public school. That's the issue before the Court. She can give me one portion of the equation, but not the other. I don't know how that's of assistance to the Court. I mean, adequate versus what?"

Reviewing the evidence as a whole, we find the record supports the trial court's finding that enrollment in the gifted program in public school is in the best interests of these children. Clearly, the trial court made credibility determinations about the reports and testimony presented by the parties' expert witnesses, and we will not second-guess those credibility determinations. Matthew, as the non-domiciliary parent, presented sufficient evidence to rebut the presumption that Sally's preference for homeschooling the children is in their best interests.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Sally D'Avy.

**AFFIRMED.**

8